UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES | CRIMINAL NO. 7-CR-20052(02) |
| | CIVIL NO. 11-CV-1772 |
| VERSUS | JUDGE HAIK |
| ANTHONY ANTOINE  BIRTHA | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**
**Rec. Doc. 492**

Pending before this Court is the defendant's motion, brought pursuant to 28 U.S.C.§2255, to vacate, set aside, or correct his sentence [Rec. Doc. 492], which was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  The respondent was served and has filed an answer as well as a memorandum in response to the motion. [Rec. Doc. 527]. Reply memoranda have been filed by the defendant.  For the following reasons, it is recommended that the motion be DENIED.

***Facts and Procedural History:***

This case dealt with a series of armed home invasions and robberies committed in 2002 and 2003 by various co-conspirators including Anthony Antoine Birtha, also known as Terelle Williams.  In the first, on March 14, 2002, Birtha forcibly entered the mobile home residence of a woman and her boyfriend.

Wearing a black mask and brandishing a gun, he pointed the gun at the woman and demanded money and drugs.  He forced her into a bedroom at gunpoint as he searched for money and drugs.   He then raped her at gunpoint in front of her one-year old child and forced the mother and child into a closet as he made his exit. [Rec. Doc. 336, pp. 210-213]. DNA samples taken during the victim's examination at the hospital were positively matched to DNA in samples collected months later from Birtha. [Id., pp. 316-318, 331-337]. Witnesses at trial testified that Birtha admitted breaking into the trailer by mistake, that he had stolen firearms from the trailer, and that he had raped the woman in the trailer and put her in the closet. [Id., pp. 297-299].

The second home invasion involved an expanded group of co-conspirators and the residence of a known marijuana dealer. [Rec. Doc. 335, pp. 4, 9-10, 14-15, 17-18, 43-45; Rec. Doc. 336, pp. 127-128, 288-291, 310]. Birtha and his co-conspirators committed a third armed home invasion of an apartment on July 11, 2003, on information that the occupants had recently returned from Texas with cocaine and that the apartment contained a safe with money or drugs in it.  The men wore masks and were armed with pistols.  Birtha held a gun to the head of the female occupant in the presence of her child, demanding money and the safe. [Rec. Doc. 335, pp. 45-47, 61-63, 66; Rec. Doc. 336, pp. 130-131, 291-292].

Birtha and others executed a fourth home invasion on July 26, 2003, on information that one of its occupants, a cocaine dealer, had a kilogram of cocaine at the apartment.  The men kicked down the door of the apartment, thrust a pistol in the face of a female occupant and demanded that she give the men drugs and money.  They left with cocaine found in the apartment. [Rec. Doc. 335, pp. 48-50; Rec. Doc. 336, pp. 11, 110-113, 117, 132-133, 293].

In August, 2003, Birtha and other co-conspirators committed an ordinary burglary of a residence in Westlake, Louisiana, where they believed they would find guns.  Birtha opened the door to the residence using a credit card. [Rec. Doc. 336, pp. 136-139, 327, 356-358, 364-365, 368-379, 406, 413; Rec. Doc. 337, pp. 401-403, 420-421, 436-437].  A neighbor reported the incident to police who gave chase.  The occupants of the fleeing car were arrested, and a subsequent consent search produced eleven stolen firearms and other property stolen in another residential burglary earlier in the day.

On September 12, 2007, Birtha was charged along with six other defendants in a multi-count Superseding Indictment.  Birtha was charged with one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §846 (Count 1), two counts of attempted interference with commerce by robbery, in violation of 18 U.S.C. §1951 (Counts 4 and 7), four counts of

possessing and carrying a firearm in furtherance of and during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1) (Counts 5, 8, 11, 18), four counts of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1) (Counts 6, 9, 12, 19), one count of interference with commerce by robbery, in violation of 18 U.S.C. §1951 (Count 10), one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §841(a)(1) (Count 13), one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. §841(a)(1), and one count of possession of stolen firearms, in violation of 18 U.S.C. §922(J) (Count 17). [Rec. Doc. 101].

On April 9, 2009 the jury returned guilty verdicts against Birtha on all counts of the Superseding Indictment. [Rec. Doc. 305-06]. On May 29, 2009, the district court denied Birtha's motion for acquittal, or in the alternative motion for new trial. [Rec. Doc. 328]. On September 15, 2009, Birtha was sentenced to 240 months imprisonment on each of Counts 1, 4, 7, 10, and 13, to be served concurrently; 120 months imprisonment on each of Counts 6, 9, 12, 17, and 19 to be served concurrently; 60 months imprisonment on Count 16 to be served concurrently; 84 months imprisonment on Count 5 to be served consecutively to all other counts; and 300 months imprisonment on each of Counts 8, 11, and 18 to be served consecutively to each other and to all other counts for a total of 1,224

-4-

months or 102 years imprisonment. [Rec. Doc. 388-89].

Birtha's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals in June, 2010. [Rec. Doc. 444] In response to Birtha's motion for recall and stay pending his petition for writ of certiorari to the United States Supreme Court, the mandate was recalled and the matter was stayed through November 30, 2010. [Rec. Doc. 450]. Birtha's petition for writ of certiorari was denied by the United States Supreme Court on November 8, 2010. [Rec. Doc. 456]. The Fifth Circuit Judgment and mandate were reissued November 12, 2010. [Rec. Doc. 454].

Birtha filed a *pro-se* motion for new trial and/or motion for an evidentiary hearing on November 12, 2010. [Rec. Doc. 457]. On January 3, 2011, he filed another *pro-se* motion entitled, "motion to re-open motion in limine to exclude reference to rape contained in the indictment." [Rec. Doc. 468]. On January 21, 2011, after considering both as motions for new trial which were untimely under Rule 33(b)(2), the district court denied both motions. [Rec. Doc. 469]. The Court of Appeals affirmed that decision on December 12, 2011. [Rec. Doc. 495]. Prior to the judgment being issued as mandate by the court of appeals, Birtha filed this motion to vacate his sentence. [Rec. Doc. 492].  The government was ordered to respond and Birtha has since moved for an evidentiary hearing. [Rec. Doc. 532].

On October 4, 2013, Birtha filed a supplemental memorandum in support of his motion claiming entitlement to relief based on the two Supreme Court cases of *Alleyne v. United States,* ----- U.S.----, 133 S.Ct. 2151 (2013) and *Descamps v. United States,* -----U.S.----, 133 S.Ct. 2276 (2013) both of which were decided after his original petition was filed. [Rec. Doc. 551]. He also filed a motion to appoint counsel. [Rec. Doc. 556].

### Applicable Law and Discussion

**A. Neither *Alleyne* nor *Descamps* provide the petitioner relief.**

With regard to the supplemental memorandum, neither case provides the petitioner with any form of relief as both were decided after Birtha's conviction became final and neither applies retroactively to cases on collateral review.

*Alleyne* was decided on June 17, 2013. Birtha's conviction became final long before then.  In the case of  *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013), the Fifth Circuit stated that "*Alleyne* is a direct criminal appeal, . . . and therefore did not involve a retroactive application of a rule on collateral review.  Moreover, the Supreme Court did not declare that *Alleyne*  applies retroactively on collateral review." See also *Tyler v. Cain*, 533 U.S. 656, 663 (2001) which held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."  Therefore, *Alleyne* does not apply to Birtha's claims.

*Descamps* was decided three days after *Alleyne* on June 20, 2013.  *Descamps* concerned a matter of statutory interpretation as to whether a certain crime qualified as a violent felony under the ACCA, and it did not announce a new rule of constitutional law. While the Fifth Circuit has not squarely addressed this issue, a recent decision from within this circuit set forth the current state of the law:

> The Supreme Court did not state in *Descamps* that the decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). The Supreme Court was clear in *Descamps* that its holding was "dictated" by established precedent. *Descamps*, 133 S.Ct. at 2283.
>
> .        .        .
>
> While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review. See *Valencia–Mazariegos v. United States*, No. 14–cv–338, 2014 WL 1767706, at *3 (W.D.Tex. May 1, 2014) (collecting cases); see also *Randolph v. United States*, No. 13–cv–1227, 2013 WL 5960881, at *1 (D.Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, No. 11–cr–37, 2013 WL 5636686, at *11 (N.D.Ala. Oct.16, 2013) (stating the Supreme Court has not made *Descamps* retroactively applicable on collateral review); cf. *Strickland v. English*, No. 13–cv–248, 2013 WL 4502302, at *8 (N.D.Fla. Aug.22, 2013) (finding "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

*United States v. Chapman* 2014 WL 1931814 *3-4 (May 14, 2014). See also *Newton*

*v. Pearce,* 2013 WL 6230622, 3 (W.D.Tex. 2013).

Therefore, to the extent Birtha seeks to have his sentence vacated based on the either *Alleyne* or *Descamps,* it is recommended that the petition be denied.

**B. The record conclusively shows that the petitioner is entitled to no relief, and therefore, he is not entitled to an evidentiary hearing.**

Whether the defendant is entitled to an evidentiary hearing rests upon a two part inquiry.  As the Fifth Circuit has instructed:

> A §2255 motion 'can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.' *Bartholomew,* 974 F.2d at 41; accord *Friedman v. United States,* 588 F.2d 1010, 1014-15 (5th Cir.1979); see also 28 U.S.C. § 2255 (2000). See generally *Machibroda v. United States,* 368 U.S. 487, 494-96, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The determination of whether to conduct a hearing on a § 2255 motion involves two steps. See *Friedman,* 588 F.2d at 1015. First, the court examines whether the record conclusively negates the factual predicates asserted in support of the motion. *Id.* If not, the court next determines whether the movant would be entitled to relief if his factual allegations are true. *Id.* If he would be entitled to relief, then the district court must conduct a hearing to ascertain the validity of the movant's factual assertions.

*United States v. Alanis,* 88 Fed. Appx. 15, 19 (5th Cir. 2004)**.**

Birtha asserts a number of grounds in his petition, some of which are procedurally defaulted, some of which are not cognizable under the law and some of which are couched in terms of the ineffective assistance of counsel. This Court finds that, of the claims that are couched in terms of the ineffective assistance of counsel,

there is no evidence that trial or appellate counsel's conduct was "objectively unreasonable" so as to warrant relief.

Section 2255 provides four grounds for relief:

1.    that the sentence violates the Constitution or other federal law;
2.    that the court lacked jurisdiction;
3.    that the sentence exceeded the maximum allowed by law; or
4.    that the sentence is otherwise "subject to collateral attack."

Failure to raise a claim at trial or on appeal generally results in a waiver of the claim. *United States v. Frady*, 456 U.S. 152, 162-66 (1982). Once convicted and after exhaustion or waiver of any right to appeal, the defendant is presumed to stand "fairly and finally convicted." *Id.,* at 164. Thus, in order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the alleged error. *Id*. at 168; *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This "cause" and "prejudice" test must be satisfied even if the defendant alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493(1986). The "rigorous standard" is applied "in order to ensure that final judgments command respect and that their binding effect does not last only until 'the next in a series of endless postconviction collateral attacks.'" *Frady*, 456 U.S. 165-166, *Shaid*, 937 F.2d 232.

There are three recognized exceptions to the cause and prejudice requirement:

1.      In "extraordinary cases" where a constitutional error has probably resulted in the conviction and incarceration of someone who is actually innocent (*Carrier*, 106 S.Ct. at 2649; *Shaid*, 937 F.2d at 232);

2.      When the government fails to object to the consideration of newly raised issues (*United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); and

3.      For certain constitutional claims that may only be adequately addressed on collateral attack, such as ineffective assistance of trial counsel. *United States v. Riascos*, 76 F.3d 93, 94-95 (5th Cir. 1996).

In grounds one through six, Birtha asserts the ineffective assistance of his trial attorney with several complaints: the failure to interview witnesses to formulate trial strategy supporting his defense, the failure to impeach/discredit government witness with a police report, the failure to invoke Rule 602, the failure to challenge his waiver of his Miranda rights, the failure to cross-examine a government witness, the failure to invoke Rule 703 at trial, and failure to file/preserve Rule 29 motions. [Rec. Doc. 492, pp. 4-10, 492-1, pp. 7- 32].

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two things: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).  Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance

-10-

contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94.  In short, if the petitioner fails to make a sufficient showing as to one prong of the *Strickland* test, the other need not be considered and the two parts need not be analyzed in any particular order. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997); *Bryant v. Scott* 28 F.3d 1411, 1415 (5th Cir. 1994); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984);  *Goodwin v. Johnson*, 132 F.3d 162, 172 n. 6 (5th Cir. 1998).

The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*., at 689-90.  See also *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985).  A *habeas* court must be careful not to second-guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable.  *Sawyer v. Butler*, 848 F. 2d 582, 587-88 (5th Cir. 1988).

With regard to the second prong,  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  To establish prejudice, it must be established that counsel's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio* 736 F.2d at 282;

*Carter v. Johnson*, 110 F.3d 1098, 1110 (5th Cir. 1997).  As the *Strickland* court explained:

> [A]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  Cf. *United States v. Morrison*, 449 U.S. 361, 364-65 (1981).

*Strickland*, supra, at pages 691, 694-95; see also *Taylor v. Maggio*, 727 F.2d 241 (5th Cir. 1984); *United States v. Diaz*, 733 F. 2d 371 (5th Cir. 1984).  Since "any amount of actual jail time has Sixth Amendment significance,"  the petitioner must show he would have received less jail time in order to demonstrate prejudice. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

   As to the first ground, Birtha argues that his attorney should have interviewed government witness Troy Smith, the intended victim in the first  home invasion on March 14, 2002.  The record reflects that Mr. Smith, who was incarcerated at the time of trial, was going to be called by the government but refused to testify and even refused to speak to his wife who was going to attempt to prevail upon him to testify. [Rec. Doc. 336, pp. 118- 126].

   To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was

available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  *See also, Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).  Aside from the fact that Smith would not have testified even if called, Birtha failed to show what information would have been revealed had his attorney interviewed and/or called the witness, what favorable testimony the witness would have given, or how such information would have likely made a difference in his trial or sentencing.  Therefore, his claim for relief on this ground is meritless.

Birtha next  argues in ground two that his attorney should have been more aggressive in cross-examining government witness Mark Sanders regarding a police report containing the witness's statement.  The record reflects that Mr. Quincy Kirt, rather than Sanders, testified that his assailants wore masks and that it was Mr. Kirt who was confronted with a police report containing a statement he supposedly made to investigating officers. [Rec. Doc. 335, pp. 15, 20].  Kirt did not prepare the statement nor did he recall giving the statement, nonetheless, the report was shown to Kirt in an effort to refresh his memory as to whether the assailants wore masks. [Rec. Doc. 335, pp. 20-21]. After reading the report, Kirt did not change his testimony. [Rec. Doc. 335, p. 22].  The record also reflects that the officer who

prepared the report, Nolvey Stelly, was questioned about the specific statement made by Kirt that "none of the males had gloves nor masks." [Rec. Doc. 335, p. 30-31]. Given that defense counsel did follow through and get Stelly to testify regarding a prior inconsistent statement by Kirt, Birtha has failed to show that his counsel's representation fell below an objective standard of reasonableness as required by *Strickland*. He has also failed to show how he may have been prejudiced. Therefore, it is recommended that relief on this ground also be denied.

In ground three, Birtha contends that his attorney should have objected to the testimony of government witnesses made without personal knowledge of the facts, in violation of Fed. R. Evid. 602. [Rec. Doc. 492, p. 7, 492-1, pp. 17- 20].  This charge is made without any specific examples of alleged improper conduct/failure by his attorney or specific instances when objections should have been raised.  Birtha only states that "the record is too extensive to recite every detail reflecting Rule (602) on each witness called by the government." [Rec. Doc. 492-1, p. 19] Attorneys are not required by the Sixth Amendment to file meritless claims, motions or objections or to press frivolous points. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Nor is the Court charged with the task of ferreting out each and every objection in the record in the hope of finding some non-disclosed error the defense raises in a conclusory fashion. The Court recommends the relief sought on this ground be

denied.

In ground four, Birtha contends that his attorney should have objected to the testimony of a police officer witness  regarding statements made by Birtha during an interview. [Rec. Doc. 492, p. 8, 492-1, pp. 20-25].  Birtha cites the trial testimony by Lafayette City Police Officer Reginald Thomas, who described his interview with Birtha to include the advice of Miranda rights and obtaining a signed Miranda rights waiver form from Birtha. [Rec. Doc. 336, pp. 123- 124]. Birtha has not claimed to have been coerced, threatened or intimidated into waiving his rights against self-incrimination, and he has not disputed the accuracy of the witness's testimony in the context of this motion.  Rather, Birtha argues in conclusory fashion that "there is no reasonable basis for (defense counsel's) tactical decision not to object and/or challenge petitioner's Fifth Amendment Rights reflecting incriminating statements." [Rec. Doc. 492-1 p. 23]. There is no evidence that Birtha's Fifth Amendment rights were in any way violated during the interview by Officer Thomas, and Birtha has failed to show defense counsel's performance was objectively unreasonable on this issue.

In ground five, Birtha contends that his attorney should have objected to the

testimony of Kirk Smith, Christopher Henderson, and Winnie Kurowski[1] on grounds that they testified concerning inadmissible evidence relating to the  rape charged against Birtha and later dismissed by the state.  Each was thoroughly cross-examined by defense counsel.  On direct appeal the court of appeals concluded that the evidence was relevant and admissible and that "the district court did not abuse its discretion by admitting evidence of the sexual assault." *United States v. Birtha*, 384 Fed. Appx. 351, 353, 2010 WL 2710941 (5th Cir. 2010).  The appellate court further found that "the DNA evidence linked Birtha to the sexual assault." *Id.*  Finally, the Fifth Circuit cited its prior ruling in  *United States v. Bailey*, 111 F.3d 1229, 1234-35 (5th Cir. 1997) to conclude that evidence of an uncharged sexual assault during a home invasion was not unfairly prejudicial. *Id.* Birtha has made no showing that anything about the testimony of the referenced experts was objectionable or inadmissible, beyond the fact that it was adverse to his position.  There is no factual allegation that suggests that defense counsel's actions fell below an objective standard of reasonableness, and given the ruling by the district court and court of appeals, Birtha has failed to demonstrate the outcome of the trial would have been different.

---

[1]Kirk Smith was the emergency room physician who examined the alleged rape victim; Christopher Henderson was a forensic chemist at the criminalistics laboratory which did fingerprint and DNA analysis in the case, and Winnie Kurowski was the forensic chemist who linked the DNA sample from the victim's rape kit to Birtha, "to a reasonable degree of scientific certainty." [Rec. Doc. 336, pp. 217-224, 263-277, 329-351]

Therefore, it is recommended that the relief sought on this ground be denied.

Finally, in ground six, Birtha asserts that the record is "clearly silent on attorney (Randal P. McCann) not invoking a Rule (29) motion," constituting ineffective assistance of counsel. [Rec. Doc. 492-1, pp. 31-32] This assertion is incorrect. The record demonstrates that Birtha's attorney filed a Motion for Judgment of Acquittal or Alternatively Motion for New Trial pursuant to Rule 29 and Rule 33 on April 16, 2009. [Rec. Doc. 312] The motion was opposed by the government, and on May 19, 2009, the court denied all post-trial motions. [Rec. Doc. 328] Therefore, this ground is meritless and this Court recommends that the relief requested on this ground be denied.

## C. The record conclusively demonstrates that Birtha failed to establish that his appellate counsel was ineffective.

Birtha argues in grounds eight through twelve that his appellate counsel was ineffective in failing to argue for a new trial and failing to supplement claims during appeal. He also argues that his appellate counsel failed to present a competent appeal on his behalf by not making meritorious arguments preserved by his trial counsel. The issues he contends should have been raised on appeal that were not include that the trial court abused its discretion in allowing certain testimony at trial and not allowing impeachment of government witnesses. He also argues that the trial court

erred in denying his motion for mistrial and for allowing misleading jury charges. [Rec. Doc.  492, pp. 10-11; 492-1 pp. 40-49].  He also contends that his appellate counsel (1) failed to argue the trial court's abuse of discretion in allowing testimony regarding crimes not specifically alleged in the indictment; and (2) failed to argue for a new trial and/or judgment of acquittal relative to the trial court's allowance of evidence of the alleged rape, which was dismissed by the state court before the defendant's appeal.

The same standards articulated above apply to claims of ineffective assistance by appellate counsel.  Defendant bears the same burden to establish (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's deficient performance, the outcome of the proceedings would have been different, or in other words, that he would have prevailed on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Robbins,* 528 U.S. 259, 285-287 (2000). As with trial counsel, appellate counsel are not required to present frivolous arguments, or even to present every non-frivolous argument which could be raised on appeal.  Instead, appellate counsel is required to raise and brief only those issues that counsel believes, in the exercise of professional judgment, to have the best chance of success. *Willingham v. Cockrell*, 61 Fed. App'x 918, *4 (5th Cir. 2003), citing *Jones v. Barnes*, 463 U.S. 745, 751-52(1983).

Although appellate counsel should certainly assert all "solid, meritorious arguments," counsel has no obligation to raise every potential basis for appeal. *United States v. Williamson*, 183 F. 3d 458, 462-63(5th Cir. 1999).  On appeal, effective assistance of counsel means, as it does at trial, counsel performing in a reasonably effective manner. *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

The record demonstrates that Birtha's appellate counsel wrote lengthy letters to the defendant in which he discussed the prospects for successful appeal of his conviction and sentence, identifying which arguments he believed had the best chance for success and referencing those not likely to succeed. [Rec. Doc. 492-2].  The letters provide evidence that appellate counsel reviewed the trial record and communicated with trial counsel to determine an appellate strategy.  It is also apparent that appellate counsel considered and evaluated his client's preferred arguments and endeavored to assess those arguments with his client in advance of brief-writing.  With that notice to his client, counsel pressed forward with the appeal to the Fifth Circuit, including some arguments that are made the subject of Birtha's current petition. The record citations by Birtha do demonstrate that trial counsel did object, and therefore, preserved the record for appeal if necessary. What Birtha does not demonstrate is how any of those objections, if raised on appeal, would have been successful to change the outcome.   After discussions and correspondence with Birtha, appellate counsel

appealed what, in his professional opinion had the best chance for success. On this record, the undersigned finds no evidence that Birtha's appellate counsel's actions in considering and rejecting his client's preferred arguments for appeal were objectively unreasonable.

As to Birtha's focus on the trial court's allowance of evidence of the alleged rape, which  was dismissed by the state court before the defendant's appeal,  the Fifth Circuit has already found that "[b]ecause the Government produced sufficient evidence to allow a jury to find the sexual assault occurred by a preponderance of the evidence, the sexual assault evidence would have been admitted, whether or not there was evidence that the related state charges had been dismissed." *United States. v. Birtha*, 444 Fed. Appx. 766, 768, 2011 WL 4825874 (5th Cir. 2011).   The Court further found that evidence that the state charges were dismissed was not material and would not have produced an acquittal. *Id.*

The appellate court has also considered Birtha's argument that admission of the sexual assault evidence increased the severity of his sentence, finding the contention to be without merit.  *United States v. Birtha*  384 Fed.Appx. 351, 354 ( 5th Cir. 2010). It is well settled that issues raised and disposed of in a previous appeal from an original judgment of conviction are not to be considered in a subsequent §2255 motion.  *United States v. Webster* 392 F. 3d 787, 791 n.5 (5th Cir. 2004); *United*

*States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) *cert. denied* 476 U.S. 1118 (1986).

Therefore, the claims of ineffective assistance of appellate counsel have no merit and should be denied.

**D. Birtha's reliance on the Supreme Court cases of *Abbott, Gould* and *Johnson* in pursuit of re-sentencing is misplaced.**

In ground seven, Birtha claims he is entitled to re-sentencing for alleged errors relative to the firearms offenses charged against him, based on a Supreme Court decision on November 15, 2010, encompassing two separate cases. In *Abbott v. United States[2]*, __ U.S. __, 131 S.Ct. 18 (2010), the Supreme Court addressed the issue of whether the introductory clause of §924(c) which provides "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," operated to eliminate a mandatory minimum sentence under the statute if the defendant was sentenced to a greater mandatory minimum on another conviction.  The Supreme Court held:

> [A] defendant is subject to a mandatory, consecutive sentence for a §924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction. Under the 'except' clause as we comprehend it, a §924(c) offender is not subject to stacked sentences for violating §924(c). If he

---

[2]The second case referenced by Birtha is *Gould v. United States*, which was consolidated with *Abbott* for consideration by the Supreme Court and bears the same citation number.

> possessed, brandished, and discharged a gun the mandatory penalty
> would be 10 years, not 22. He is however, subject to the highest
> mandatory minimum specified for his conduct in § 924(c), unless
> another provision of law directed to conduct proscribed by § 924(c)
> imposes an even greater mandatory minimum. "

*Abbott v. United States*, 131 S.Ct. at 23.

Birtha appears to contend that based on this holding, which he also contends

should be applied retroactively, he should not have been sentenced to multiple

consecutive terms based on §924(c).[3]  Without addressing whether *Abbott* should be

applied retroactively, it provides him no relief.

The statute carries a mandatory minimum sentence "in addition to any other

time of imprisonment" and *Abbott* does not state that multiple consecutive terms of

imprisonment may not be imposed for separate convictions under § 924(c).  Rather,

the language cited by Birtha applied to stacked sentences based on multiple acts

within a single conviction under §924(c).  The context of the Court's holding is made

clear by the two sentences which precede the holding:

> For example, the mandatory minimum sentence for a § 924(c) offense
> is five years, but if the firearm is brandished, the minimum rises to seven
> years, and if the firearm is discharged, to ten years. § 924(c)(1)(A)(i),
> (ii), (iii). A defendant who possessed, brandished, and discharged a
> firearm in violation of § 924(c) would thus face a mandatory minimum

---

[3]Birtha's petition for writ of certiorari was denied by the United States Supreme Court on
November 8, 2010. [Rec. Doc. 456]. The Fifth Circuit Judgment and mandate were reissued
November 12, 2010. [Rec. Doc. 454]. *Abbott* was decided on November 15, 2010.

term of ten years.

*Id.*

In *United States v. Thomas*, 627 F.3d 146, 158 (5th Cir.2010), decided just after *Abbott*,  the defendant was convicted on five counts of use of a firearm during a crime of violence - armed robbery of a bank. The defendant robbed five banks - each with a weapon. The court stated that each of the five convictions under §924(c) were all mandatory minimums.

More recently, when this same issue was raised, the Fifth Circuit stated:

> *Abbott* does not state, as Haynes mistakenly asserts, that multiple consecutive terms of imprisonment may not be imposed for separate convictions under § 924(c). See *Abbott*, 131 S.Ct. at 23 (noting that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction"). To the contrary, the Supreme Court has affirmed the imposition, in a single proceeding, of six consecutive sentences under § 924(c). *Deal v. United States*, 508 U.S. 129, 132–37, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993); see *United States v. Thomas*, 627 F.3d 146, 158 (5th Cir.2010) (following *Deal* ). *Abbott* said nothing to affect *Deal* 's holding that an offender charged with multiple § 924(c) offenses receives a mandatory minimum sentence for each such offense.

*Haynes v. Sherrod*, 476 Fed. Appx. 27, 27-28 (5th Cir. 2012).

Birtha was convicted on count five of the superceding indictment for a violation of §924(c)(1) for carrying and possessing a firearm in relation to a drug trafficking crime and a crime of violence in which the firearm was brandished. Thus,

-23-

he received a mandatory minimum of 84 months or seven years to run consecutively, pursuant to §924(c)(1)(A)(ii), to all of the other counts for which he was sentenced concurrently. This sentence was properly imposed under §924(c)(1)(D)(ii). He was also convicted on counts eight, eleven and thirteen of the superceding indictment for violations of §924(c)(1) for which he received 300 months or 25 years on each to run consecutive to all other counts and to each other. Pursuant to 18 U.S.C. §924(c)(1)(C)(i), in the case of a second or subsequent conviction under §924(c), the minimum mandatory sentence is 25 years on each conviction. All of the rest of the sentences for his convictions were to run concurrent. The longest of those was 240 months or 10 years. Thus, Birtha recieved 984 months to run consecutive to a sentence of 240 months which included all of the other convictions for which he received a concurrent sentence. The total sentence was therefore 1224 months or 102 years. This ground for relief is without merit and should be denied.

Birtha next claims that, as part of his claim of ineffective assistance of appellate counsel, he should be re-sentenced because his conviction for battery of a police officer cannot be considered a crime of violence to support his status as a 'career offender' under 18 U.S.C. §924(e)(1) based on the Supreme Court's ruling in *Johnson v. United States*, 559 U.S. 133 (2010).

*Johnson* was decided March 2, 2010, after Birtha's notice of appeal, but before

-24-

the judgment affirming his conviction and sentence was issued in June, 2010. While the mandate was recalled and the stay was in effect pending Birtha's petition for writ of certiorari to the United States Supreme Court, Birtha  raised the issue of *Johnson* to the Fifth Circuit in a pro se brief dated October 26, 2010. [Rec. Doc. 452-1]. Birtha's petition for writ of certiorari was denied on November 8, 2010 and the Fifth Circuit judgment was reissued as mandate on November 12, 2010.  The judgment indicates that "[T]his cause was considered on the record on appeal and the briefs on file." [Rec. Doc. 454]  Thus, it appears the issue was raised and considered/rejected during the direct appeal process and would be procedurally defaulted here.  However, it is not completely clear from the record whether his brief was considered by the appellate court.

It is also well-settled that issues concerning the application of the guidelines are not cognizable in a §2255 motion. *United States v. Williamson,* 183 F.3d 458 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion*, 19 F.3d 226, 233(5th Cir. 1994). Nevertheless, out of an abundance of caution, this Court will address the merits of Birtha's motion as it affords him no relief in any event.

*Johnson* held that the use of the term "physical force" in the definition of "violent felony" found in §924(e)(2)(B)(i), "means *violent* force-that is, force capable

of causing physical pain or injury or injury to another person." *Id.,* 559 U.S.  140. (emphasis in original). However, the Court also stated that the sentencing courts should look to a "modified categorical approach" when a statute covers different generic crimes, some of which require violent force and some of which do not. *Id.,* 559 U.S. 144.

Under La. R.S. 40:33, battery is defined as "the intentional use of force or violence upon the person of another . . .". Battery of a police officer, if at the time of the offense the defendant was in the custody of the Department of Public Safety and Corrections, as Birtha was at the time of the offense, has a minimum mandatory sentence of one year up to five years, to run consecutive to any other sentence,  and therefore, is a felony under Louisiana law.  La.R.S. 14:34.2(B)(2).

The elements necessary to sustain a conviction for battery of a police officer include the intentional use of force or violence upon a police officer, without the consent of the police officer, when the offender knows or reasonably should know that the victim is a police officer acting within the performance of his duty. *State v. Caeser* 2003, 859 So.2d 639, 2002-3021 (La. 10/21/03).

The record before the district court indicated Birtha was in the process of being escorted from a visitation room to an administrative segregation cell as a result of his defiant refusal to comply with orders given by correctional facility officers. He

-26-

attempted to break free and run when he was grabbed and wrestled to the floor. In the melee which ensued, Birtha bit one of the officers. He also threw urine and toilet water at the officers before he was finally subdued with a "chemical agent."[4]

There is no question in this Court's mind that biting an officer under the circumstances described is the type of violent force that is "capable of causing pain or injury." Therefore, on the facts of this record, the enhancement was properly applied even assuming the standard of *Johnson* applies retroactively to this case.

In ground thirteen, Birtha asserts he is entitled to re-sentencing because his sentence enhancement under U.S.S. G. 2B3.1(b)(3)(B) is invalid because the state dismissed the aggravated rape/armed robbery charge against him.  This claim is procedurally defaulted as it was raised and addressed on direct appeal.  *United States v. Jones,* 614 F.2d 80, 82 (5th Cir. 1980); *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986) *cert. denied*, 476 U.S. 1118 (1986).  To the extent this ground is considered not to have been addressed on direct appeal it is not cognizable in this §2255 motion as it involves a sentencing guideline computation. *United States v. Williamson,* 183 F.3d 458 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion*, 19 F.3d 226, 233(5th Cir. 1994).  Finally,

---

[4] Battery of a police officer also includes "the use of force or violence upon the person of a police officer by throwing feces, urine, blood, saliva, or any form of human waste by an offender while the offender is incarcerated." La. R.S. 14:32.2(A)(3).

-27-

the district court found that the preponderance of the evidence demonstrated that the enhancement was properly applied and whether the charge brought by the state was dismissed is not dispositive. Therefore, it is recommended that relief on this ground be denied.

### Conclusion and Recommendation

Birtha has not demonstrated that either his trial or his appellate counsel's performance fell below the objective standard of reasonableness required by *Strickland.* He has repeatedly raised the issue of the effect of the dismissal of the sexual assault by the State of Louisiana at the district and appellate court level to no avail. There is no basis for relief on that issue in this motion. Similarly, notwithstanding the procedural default and retroactivity issues, the Supreme Court decisions in *Abbott* and *Johnson*, do not provide Birtha any form of relief. Finally, neither *Alleyne* nor *Descamps* apply retroactively to Birtha's claims.

Therefore,  based on the foregoing and for the reasons given above,

IT IS RECOMMENDED that Petitioner's motion pursuant to §2255 be DENIED, with prejudice.

IT IS FURTHER RECOMMENDED that Petitioner's request for an evidentiary hearing [Rec. Doc. 532] be DENIED.

IT IS FURTHER RECOMMENDED that Birtha's request for appointment of

counsel [Rec. Doc. 556] be DENIED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this**

**Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 1st day of July, 2014.

_____

Patrick J. Hanna
United States Magistrate Judge

-30-