**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

**UNITED STATES OF AMERICA** | **CASE NO. 07-cr-20052**

**-vs-** | **JUDGE DRELL**

**ANTHONY ANTOINE BIRTHA (02)** | **MAGISTRATE JUDGE PEREZ-MONTES**

---

**RULING AND ORDER**

Before the court is Anthony Antoine Birtha's motion for compassionate release (Doc. 745, and 787) in which he requests a reduction in sentence or early release because his sentence would have been less had he been sentenced today. For the following reasons, the motion is **DENIED**.

I. BACKGROUND

Birtha and six co-defendants were initially charged by a federal grand jury in a 23-count indictment on May 11, 2007. In September 2007, the grand jury issued a 25-count superseding indictment for crimes associated with a drug conspiracy, burglaries and home invasion robberies.

Birtha was personally charged in Count 1 with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846; Count 4 Attempted Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951, Count 5, Possession and Carrying of a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1), Count 6 Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Count 7 with Attempted Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951, Count 8 with Possession and Carrying of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1), Count 9 with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Count 10 with Interference with Commerce by Robbery in

violation of 18 U.S.C. § 1951, Count 11 with Possession and Carrying a Firearm During and in Relation to a Crime of Violence 18 U.S.C. § 924(c)(1), Count 12 with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Count 13 with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), Count 16 with Attempt to Possess with Intent to Distribute Marihuana in violation of 21 U.S.C. § 8841(a)(1), Count 17 with Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j), Count 18 with Possession and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1), and Count 19 with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 101).

On April 6, 2009, Birtha proceeded to trial on all 15 counts. On April 9, 2009, a jury found Birtha guilty of each one of the 15 counts. (Doc. 306). On September 15, 2009, Birtha was sentenced to serve 240 months on Counts 1, 4 7, 10 and 13 to run concurrently, 120 months on Counts 6, 9, 12, 17, and 19 to run concurrently, 60 months on Count 16 to run concurrently, 84 months on Count 5 to run consecutively to all other counts, and 300 months per count on counts 8, 11, and 18 to run consecutively to all other counts and to one another for a total term of 1224 months imprisonment in the custody of the Bureau of Prisons.

On June 25, 2010, the Fifth Circuit Court of Appeals affirmed Birtha's conviction and sentence (Doc. 450), and that judgment became final on November 8, 2010 when the United States Supreme Court denied Birtha's petition for writ of certiorari (Doc. 452, 456 and 495).

Since then, Birtha filed motion for a new trial (Doc. 457), a motions to vacate under 28 U.S.C. § 2255 (Docs. 492), and a second and successive motion to vacate under § 2255 (Doc. 603) all of which were denied. Birtha also filed a motion for sentence reduction pursuant to the First Step Act's elimination of stacking enhancements that were found in 18 U.S.C. § 924(c). (Doc.

658). That motion was also denied noting that the changes made by the First Step Act were inapplicable to Birtha as he was sentenced long before the First Step Act was enacted. (Doc. 665).

Birtha has now filed the instant motion for compassionate release which the Government opposes. (Doc. 745 and 770).

II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction." United States v. Escajeda, 58 F. 4th 184, 186 (5th Cir. 2023). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

Birtha argues that he is entitled to a reduction in his sentence because of changes in the law since his conviction and sentencing. These changes include the enactment of the First Step Act in 2018 which eliminated the "stacking" provisions in 18 U.S.C. § 924(c); the Supreme Court's decision of United States v. Davis, 588 U.S. 445 (2019) in which the Court determined the

"residual clause," which defined a "crime of violence" under 18 U.S.C. § 924(c)(3), was unconstitutionally vague, and United States v. Taylor, 596 U.S. 845 (2022) in which the Court determined that attempted Hobbs Act robbery did not qualify as a crime of violence as a predicate offense for a felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence. Thus, if he were facing sentencing today, he would not be sentenced as harshly. We disagree.

It has long been held that habeas corpus is the exclusive remedy for challenging the legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). The Fifth Circuit has expressly found the habeas-channeling rule prevents a prisoner from using compassionate release "to challenge the legality or the duration of [a defendant's] sentence." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023). Since that decision, the Supreme Court held in Fernandez v. United States, 608 U.S. 411 (2026) that a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255 and Rutherford v. United States, 608 U.S. 454 (2026) which holds that Congress' nonretroactive change to § 924(c) cannot make a prisoner eligible for compassionate release." Id. at 1335. In light of the foregoing, Birtha's claims are foreclosed.

We note that even if Birtha obtained permission to file another § 2255 motion, that motion would be denied. The First Step Act's changes to § 924(c) are not retroactive to Birtha as he was sentenced long before the First Step Act was enacted. See Hewitt v. United States, 606 U.S. 419 (2025). Additionally, Counts 5, 8, 11 name two predicate offenses: (1) drug trafficking, and (2) attempted Hobbs Act robbery, and Count 18 references only drug trafficking as the predicate offenses.

Count 5 provides:

> On or about the 26th day of June, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants ..., each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: unknown semiautomatic pistols during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with intent to Distribute Controlled Substances as alleged in Count 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Inference with Commerce by Robbery as alleged in Count 4 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 5-6).[1] Count 8 provides:

> On or about the 11th day of July, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants... and a herein unindicted coconspirator, each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: a Hi-Point Model JH45 .45 caliber semiautomatic pistol (Serial Number: 324458) and an unknown semiautomatic pistol believed to be a 9 mm, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Court 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Interference with Commerce by Robbery as alleged in Count 7 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2 [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 7-8).[2] Count 11 provides:

> On or about the 23rd day of July, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants... and a herein unindicted coconspirator, each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: a 20 gauge shotgun, a .357 magnum caliber revolver, a .45 caliber semiautomatic pistol, and a 9 mm semiautomatic pistol, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Court 1,** and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Interference with Commerce by Robbery as

---

[1] Count 5 of the superseding indictment references Count 2 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 4. (See Doc. 290, 295).

[2] Count 8 of the superseding indictment references Count 5 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 7. (See Doc. 290, 295).

> alleged in Count 10 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2 [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 9-10).[3] Count 18 provides:

> On or about the 19th day of August 2003, at Calcasieu Parish in the Western District of Louisiana, the defendants... each aiding and abetting the other to commit drug trafficking crimes, during the course of which they knowingly carried and possessed a firearm, to wit:an Intrac Arms 7.62mm semiautomatic rifle (Serial Number AC0059105); Marlin Model 336 30-30 caliber rifle (Serial Number 72090447); Remington Model 870 12 gauge shotgun (Serial Number 5582130V); Marlin Glenfield Model 15 .22 caliber rifle (Serial Number 20736180); Marlin Model 883 .22 caliber rifle (Serial Number 04460431); J.P. Shuer & Suhl .45 caliber semiautomatic pistol (Serial Number 281711); Fabrica Militar Argentina .45 caliber semiautomatic pistol (Serial Number 27017); Strum & Ruger Model Target II .22 caliber semiautomatic pistol (Serial Number 211-48484); H&R Model 676 .22 caliber revolver (Serial Number AP105367); Charter Arms Model Bulldog .45 caliber revolver (Serial Number 720964) and Smith & Wesson Model 25-5 .45 caliber revolver (Serial Number N658774), **during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Court 1, and Attempted Possession of Marihuana with Intent to Distribute as alleged in Count [16],** in violation of Title 18, United States Code, Sections 924(c)(1) and 2 [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 13). Thus, even if attempted Hobbs Act robbery was eliminated from Counts 5, 8 and 11, the predicate offense of drug trafficking remains.

Finally, we address Birtha's claims that his motion for compassionate release should be granted because he has served 20 years in prison, has health issues (glaucoma), and has experienced personal growth. We commend Birtha on his personal growth. Exhibits to his motion show that Birtha is taking classes aimed at personal growth and that the classes have paid off as he was recently accepted into the FORGE Unit at USP Beaumont which "reflects [his] demonstrated responsibility, positive attitude, respect for staff and peers, and willingness to pursue

---

[3] Count 11 of the superseding indictment references Count 8 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 10. (See Doc. 290, 295).

self-improvement." (Doc. 745-4 and 787-2). This is truly commendable, but whether alone or in combination, this is not enough to warrant compassionate release. We understand that Birtha has served 20 years, but there is nothing which indicates that his sentence would be any different had he been sentenced today. Over the course of several years, he and his co-defendants wreaked havoc on his community committing robberies, stealing and toting guns, and engaging in drug trafficking. He took no responsibility for his actions and proceeded to trial where he was convicted on all fifteen counts. He possessed a firearm during drug trafficking. His criminal history score was a 20. The sentence imposed took these factors into consideration. The sentence imposed reflects a punishment that will protect the public from future crimes and deter similar criminal conduct.

Birtha's documented medical condition of severe glaucoma also fails to form the basis for the granting of his motion. The glaucoma, although severe, is being treated. He has received surgery, is receiving follow-up treatment to address issues, and is being provided special medications to manage his symptoms. Accordingly, there are no extraordinary and compelling reasons to grant compassionate release.

III. CONCLUSION

For the reasons articulated herein, it is hereby

**ORDERED** that Birtha's Motion (Doc. 745) is **DENIED.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 28th day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**